IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VICTOR ANIS JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-733-KC |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
| Respondents. | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Victor Anis Johnson's Petition for a Writ of Habeas Corpus, ECF No. 1, and Motion for Temporary Restraining Order ("Motion"), ECF No. 2. Anis Johnson is detained at the El Paso Camp East Montana Detention Center in El Paso, Texas. Pet.¶ 10. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 48–73; *id.* at 17. He also requests that Respondents be prevented from transferring him to another detention facility. *Id.* at 17.

Anis Johnson is a citizen of Cuba who entered the Untied States without inspection in 2008. *Id.* ¶ 24. He was initially detained, placed in removal proceedings, and then ordered removed. *Id.* Anis Johnson was then "released under an Order of Supervision ("OSUP") when the Government determined that his removal was not reasonably foreseeable." *Id.* Since he was released, for approximately eighteen years, Anis Johnson lived in the United States and "fully complied with the conditions of supervision." *Id.* ¶ 25. In February 2026, however, Anis Johnson was re-detained by immigration authorities. *Id.* Anis Johnson alleges that Respondents re-detained him "without alleging any violation of [his OSUP] conditions or identifying any

changed circumstances that would make his removal more foreseeable than it was at the time of his release." *Id.*

Prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). But this Court has held that a detainee who is subject to a final order of removal, is then determined to be unremovable and thus released from custody on an OSUP, and is later re-detained without a material change in circumstances, is not limited to a *Zadvydas* claim to challenge their detention. *See Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025). Once released, such individuals obtain a due process interest in remaining out of custody. *See id.* at *8. Unless the individual committed a crime or violated a term of their OSUP, there must have been some change that gave rise to a significant likelihood of removing the previously unremovable noncitizen to warrant re-detention. *See, e.g., Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4–8 (W.D. Tex. Nov. 7, 2025).

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Anis Johnson the relief he seeks. Respondents are ordered to show cause by March 23, 2026.

Anis Johnson also requests that Respondents be prevented from transferring him to another facility. Pet. 17. Anis Johnson's transfer to another facility, however, may allow him to be more feasibly removed from the country. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

2

As for Anis Johnson's request that he be immediately released pending adjudication of his Petition, *see* Mot. 1, even crediting his likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted). And Anis Johnson's alternative request—that his removal be stayed pending resolution of his case—is at odds with the basis of his claims—that his removal is not reasonably foreseeable. *Compare* Mot. 1–2, *with* Pet. ¶ 28.

Accordingly, the Court **ORDERS** that Anis Johnson's Motion, ECF No. 2, is **DENIED.**

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>no later than March 23, 2026</u>, why the application for a writ of habeas corpus should not be granted and specify:

(1) What circumstances have changed that now make Anis Johnson's imminent removal to Cuba likely,

(2) What concrete steps have been taken to effectuate Anis Johnson's removal,

(3) What obstacles exist to effectuating Anis Johnson's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Anis Johnson's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 17th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE