**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **VICTOR ANIS JOHNSON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-733-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Victor Anis Johnson's Petition for a Writ of Habeas Corpus, ECF No. 1.

## I.    BACKGROUND

Anis Johnson alleges that he is a citizen of Cuba who entered the United States without inspection in 2008. *Id.* ¶¶ 13, 24. He was initially detained, placed in removal proceedings, and then ordered removed. *Id.* Anis Johnson was then "released under an Order of Supervision ("OSUP") when the Government determined that his removal was not reasonably foreseeable." *Id.* Since he was released, for approximately eighteen years, Anis Johnson lived in the United States and "fully complied with the conditions of supervision." *Id.* ¶ 25. In February 2026, however, Anis Johnson was re-detained by immigration authorities. *Id.* Anis Johnson alleges that Respondents re-detained him "without alleging any violation of [his OSUP] conditions or identifying any changed circumstances that would make his removal more foreseeable than it was at the time of his release." *Id.*

On March 13, 2026, Anis Johnson filed the instant Petition challenging his post-final-removal-order detention as unlawful and seeking his release. Pet. ¶¶ 48–73; *id.* at 17.

On March 17, the Court ordered Respondents to show cause why the Petition should not be granted.  Mar. 17, 2026, Order, ECF No. 3.  In answer to the Court's Show Cause Order, ECF No. 3, Respondents filed their Response, ECF No. 4, and in support, the Declaration of Supervisory Detention and Deportation Officer Vennesa Martinez ("Martinez Decl."), ECF No. 4-1.  According to Martinez, on January 30, 2026, Cuba denied Anis Johnson for repatriation because he is not a citizen or national of Cuba.  *Id.* ¶ 17.  And in February 2026, Anis Johnson was re-detained.  *See id.* ¶ 18; Pet. ¶¶ 2, 25.  On February 19, "ERO El Paso [I]ntel initiated an investigation regarding Johnson's nationality, as to possibly being a citizen of Nigeria."  Martinez Decl. ¶ 20.  Because Respondents had not yet verified Anis Johnson's nationality, they could not provide an anticipated timeline for his removal.  *See id.* ¶ 23.

The Court thus ordered Respondents to file several status reports detailing their efforts to identify Anis Johnson's nationality and to remove him.  *See* Mar. 24, 2026, Order 2, ECF No. 5; Apr. 27, 2026, Order, ECF No. 7; May 29, 2026, Order, ECF No. 10.

According to Respondents, Anis Johnson has obstructed their attempts to confirm his nationality, which they believe to be Nigerian.  *See* 2d Resp., ECF No. 6; 2d Martinez Decl., ECF No. 6-1; 3d Resp., ECF No. 9; 3d Martinez Decl., ECF No. 9-1; 4th Resp., ECF No. 11; 4th Martinez Decl., ECF No. 11-1.  Specifically, on April 1, 2026, ERO El Paso Intel attempted to investigate Anis Johnson's nationality and country of origin, but Johnson "invoked his right to [not] answer any questions from the intel officers" and "provid[ed] no information regarding his nationality nor country of origin."  2d Martinez Decl. ¶ 7.  ERO El Paso Intel subsequently coordinated with the Federal Bureau of Investigations Translation Services and determined that Anis Johnson speaks Yoruba, a dialect spoken in Nigeria.  *Id.* ¶ 8.  On May 14, ERO-Nigeria requested photos of Anis Johnson and ERO El Paso provided these photos.  3d Martinez Decl. ¶

2

5(2–3). ERO-Nigeria "advised that they suspect [that Anis Johnson's] true and correct name is David Olokor." *Id.* ¶ 5(4).

As additional context, Anis Johnson has not always claimed to be a Cuban citizen. *See* Martinez Decl. ¶ 6. In 2008, Anis Johnson falsely claimed he was a United States citizen when applying for admission. *Id.*; Resp. Ex. B ("Form I-213"), at 3, ECF No. 4-2. It was only after being ordered removed that he "recanted his United States Citizenship claim and claimed he was born in Cuba." Form I-213, at 3. As of June 29, Respondents informed the Court that "no determination regarding nationality has been provided." 4th Resp. ¶ 1.

On June 30, 2026, the Court ordered Anis Jonhson to file a reply stating his position as to Respondents' allegations that (1) he is not a Cuban citizen; (2) he is a Nigerian citizen; (3) he has obstructed Respondents' efforts to identify and confirm his nationality; and (4) his true name is David Olokor. June 30, 2026, Order, ECF No. 12.

Anis Johnson has now filed a Reply, ECF No. 13. As for Respondents' first allegation, Anis Johnson's entire response is that "Petitioner maintains he is a Cuban national and citizen. The Government bears the burden of proving otherwise." *Id.* ¶ 1. As for his ties to Nigeria, Anis Johnson "denies he is a Nigerian citizen." Reply ¶ 2. He argues that Respondents' allegation that he is a Nigerian citizen "remains unsupported by competent evidence." *Id.* And that, although he has refused to consent to be removed to Mexico, "he has not obstructed [Respondents' efforts] to verify his nationality," as he "has not concealed documents, provided fraudulent records during the investigation, or otherwise affirmatively impeded [their] efforts." *Id.* ¶ 3. Finally, Anis Johnson denies that his name is David Olokor and argues that this allegation is "based solely upon the suspicion of ERO-Nigeria and has never been corroborated by official records, biometric evidence, birth records, or any determination by the Government of

3

Nigeria." *Id.* ¶ 4.

Anis Johnson has never submitted any evidence of his Cuban citizenship to this Court— neither in connection with his Petition nor his Reply. *See generally id.*; Pet. Nor has he ever offered any detailed allegations regarding his assertion of Cuban citizenship beyond the barest statement that he "is a Cuban national." Reply ¶ 1; Pet. ¶ 24.

## II.   ANALYSIS

Anis Johnson seeks a writ of habeas corpus for his immediate release, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA"). Pet. ¶¶ 48–73.

This Court has previously held that a detainee who is subject to a final order of removal, is then determined to be unremovable and thus released from custody on an OSUP, and is later re-detained without a material change in circumstances, is not limited to a *Zadvydas* claim to challenge their detention. *See Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025). Once released, such individuals obtain a due process interest in remaining out of custody. *See id.* at *8. Unless the individual committed a crime or violated a term of their OSUP, there must have been some change that gave rise to a significant likelihood of removing the previously unremovable noncitizen to warrant re-detention. *See, e.g., Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4–8 (W.D. Tex. Nov. 7, 2025).

In *Nguyen*, this Court found a procedural due process violation where a Vietnamese national subject to a final order of removal, who had previously been deemed unremovable to Vietnam and released, was re-detained without an individualized assessment of his flight risk and dangerousness by an Immigration Judge ("IJ"). *See id.* at *5–8. The balance of the *Mathews v.*

*Eldridge* factors weighed in favor of Nguyen because he had a strong liberty interest, the risk of erroneous deprivation was high and easily ameliorated through a bond hearing, there was little evidence that he was a flight risk or danger to the community, and the Government failed to demonstrate that his removal was significantly likely in the reasonably foreseeable future.  *See id.*

Here, Respondents have demonstrated that there was a change in circumstances warranting Anis Johnson's re-detention, namely the Government's discovery that he is not a citizen of Cuba.  *See* Martinez Decl. ¶ 17.  Of course, Anis Johnson disputes this, but he has not provided any evidence to the contrary, despite being provided an opportunity to do so.  *See generally* Reply.  He also argues that it is the Government's burden to prove that he is not a Cuban citizen but does not cite to any authority to support this contention.  *See id.* ¶ 1.  And even if Respondents did bear that burden, they have submitted a sworn declaration which states that "[o]n January 30, 2026, the Government of Cuba denied [Anis] Johnson's repatriation to Cuba, due to not being a citizen or national of Cuba."  Martinez Decl. ¶ 17.  They have also submitted evidence regarding Anis Johnson's prior false claim to United States citizenship, evidence that he speaks a language spoken in Nigeria, and evidence that his photograph matches the identity of a Nigerian man named David Olokor.  2d Martinez Decl. ¶ 8; 3d Martinez Decl. ¶ 5(2–3); Form I-213, at 3.  And again, Anis Johnson has submitted no evidence of his own.  Even assuming that Respondents bear the burden of proving that Anis Johnson is not a citizen of Cuba, they have carried it.

Respondents have thus demonstrated that, in January 2026, they discovered that the very basis for why Anis Johnson was previously determined to be unremovable and released on an OSUP was no longer valid.  And this discovery—or at least the beginnings of it—occurred prior

to Anis Johnson's re-detention.  *Compare* Form I-213, at 3, *with* Pet. ¶¶ 2, 25.  Accordingly, there was a change in Anis Johnson's circumstances warranting re-detention.

Moreover, unlike in *Nguyen*, it is Anis Johnson's lack of compliance, as opposed to Respondents' inability to effectuate his removal, that appears to be preventing his removal from the country.  Although Anis Johnson claims that he has not "affirmatively impeded Respondents' efforts to determine his nationality," *see* Reply ¶ 4, Respondents have submitted a sworn declaration which states that Anis Johnson refused to answer questions and provide information about his nationality, 2d Martinez Decl. ¶ 7.

In the *Zadvydas* context, courts have held that an alien who "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government . . . cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future."  *Dumpeh v. Moore*, No. 5:07-cv-294-OG, 2007 WL 3235099, at *2 (W.D. Tex. Oct. 26, 2007) (quoting *Lema v. INS*, 341 F.3d 853, 856 (9th Cir. 2003)); *accord Glushchenko v. United States Dep't of Homeland Sec.*, 566 F. Supp. 3d 693, 711 (W.D. Tex. 2021).  In short, "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him."  *Dumpeh*, 2007 WL 3235099, at *2 (cleaned up) (quoting *Pelich v. INS*, 329 F.3d 1057, 1061 (9th Cir.2003)).  In *Hook v. Lynch*, the Fifth Circuit denied a *Zadvydas* claim where the petitioner "rebuffed requests from ICE and U.K. consular officials to provide . . . specific information and documentation regarding his identity," despite "purpot[ing] to be a citizen of the [U.K.]."  639 F. App'x 229, 230 (5th Cir. 2016).

So too here, Anis Johnson cannot assert that his removal is not significantly likely to occur in the reasonably foreseeable future when he has failed to cooperate with Respondents'

efforts to confirm his nationality. *See id.* In *Nguyen*, the Government's interest in effectuating Nguyen's removal order was weak because there were no changed circumstances demonstrating that his removal was significantly likely to occur. *See Nguyen*, 2025 WL 3120516, at *7–8. But here, there are such changed circumstances. The Government's interest in effectuating Anis Johnson's removal order is thus strong and outweighs Anis Johnson's liberty interest and the risk of erroneous deprivation. *Cf. Nguyen*, 2025 WL 3120516, at *7–8.

Accordingly, because Respondents have demonstrated that they re-detained Anis Johnson due to a change in his circumstances and Anis Johnson has not cooperated with Respondents' efforts to identify his nationality, his continued detention does not violate due process, and he is not entitled to habeas relief at this time.[1]

## III.    CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 17th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] Nor do Anis Johnson's APA or INA claims provide an alternative basis for relief. These claims are based on Respondents' purported failure to revoke Anis Johnson's OSUP without determining that changed circumstances warranted re-detention and without providing him with an informal interview as required by 8 C.F.R. § 241.4(*l*). *See* Pet. ¶¶ 57–68. But Respondents did identify changed circumstances prior to his re-detention and Anis Johnson has been provided with several interviews regarding his nationality, the basis for his re-detention.

7